**Lane M. Nussbaum, SBN 264200**
**Brandon S. Dimond, SBN 266876**
**NUSSBAUM APC**
27489 AGOURA ROAD, STE 102
AGOURA HILLS, CALIFORNIA 91301
Tel. (818) 660-1919   Fax. (818) 864-3241

Attorneys for Plaintiff Magnum Property Investments, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAGNUM PROPERTY INVESTMENTS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOSE M. QUEZADA; DAISY QUEZADA; ISABEL VARGAS; LESLIE ARELLANO and DOES 1-10<br><br>Defendants. | **CASE NO.** 2:20-cv-00084-GW-JPR<br><br>**PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**PLAINTIFF MAGNUM PROPERTY INVESTMENTS, LLC's EX PARTE APPLICATION FOR ORDER ON REMAND; OR, IN THE ALTERNATIVE, SHORTENING TIME**

**TO THE COURT AND COUNSEL OF RECORD:**

Plaintiff Magnum Property Investments, LLC respectfully submits their *Ex Parte* Application for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to the Superior Court in and for the County of Los Angeles and granting attorney's fees and costs to Plaintiff.

Plaintiff moves for remand on the grounds that:

(1) Plaintiff's complaint does not raise a substantial federal question that is necessary to the resolution of any of Plaintiff's claims, and

(2) Anticipated or potential defenses based on the federal constitution, laws, or treaties cannot support removal of the action.

Plaintiff's motion for remand is based on this notice of motion and motion, the memorandum of law filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the court before the motion is submitted for decision.

Dated:  January 09, 2020

**NUSSBAUM APC**

By: _____
**LANE NUSSBAUM**
**ATTORNEY FOR PLAINTIFF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On October 31, 2019, Plaintiff filed an unlawful detainer action against Defendants Jose M. Quezada, Daisy Quezada, Isabel Vargas, and Leslie Arellano. On January 03, 2020, Defendants filed a notice of removal in the U.S. District Court, staying the unlawful detainer proceedings in state court. Because Plaintiff's unlawful detainer states no federal question, the Court must remand the action back to state court for resolution. Plaintiff also seeks sanctions against Defendants for filing a frivolous motion as this action clearly belongs in state court.

## II. ARGUMENT

### A. THIS ACTION DOES NOT GIVE RISE TO FEDERAL COURT JURISDICTION.

This action does not give rise to federal-question jurisdiction under 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042-43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

Courts have repeatedly held that unlawful-detainer actions do not present a federal question. *All Mission Indian Hous. Auth. v. Magante*, 526 F. Supp. 2d 1112, 1114 (S.D. Cal. 2007). Moreover, Plaintiff does not allege any federal question in their Complaint, and any federal defense raised is irrelevant to jurisdiction. *Vaden, supra,* 556 U.S. at 60, *Hunter*, *supra,* 582 F.3d at 1042-1043.

Secondly, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§1332, 1441(b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."

**PLAINTIFF MAGNUM PROPERTY INVESTMENTS, LLC's EX PARTE APPLICATION FOR REMAND**

*Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). And in unlawful detainer actions, the title to the property is not the object of the litigation – only the right to possession. *See Evans v. Super. Ct.,* 67 Cal.App.3d 162, 170 (1977). The amount in controversy in an unlawful detainer action is therefore determined by the amount of damages sought in the complaint, not by the value of the subject property. *Id*. Since Magnum Property Investments, LLC seeks less than $75,000, that amount can never satisfy diversity jurisdiction under 28 U.S.C. § 1332. Furthermore, diversity jurisdiction is inappropriate because Defendants reside in the State of California, and no diversity exists.

### B. EX PARTE RELIEF IS NECESSARY BECAUSE DEFENDANT'S REMOVAL IS AN ATTEMPT TO DELAY A SUMMARY PROCEEDING, CAUSING ONGOING HARM TO PLAINTIFF

Unlawful detainer actions are meant to be shortened limited actions to maximally accelerate disposition. Unlawful detainer cases have precedence over all other regular civil cases. CCP § 1179(a). For example, a trial in an unlawful detainer case shall be held no later than 20 days after service of the Request for Trial Setting, indicating the intent of the Legislature that unlawful detainer cases be heard quickly and expeditiously. *See* CCP § 1170.5. Defendants are attempting to abuse the system to frustrate the intent of the legislature and justice, by using removal to federal courts as a stall tactic. Defendant continues to wrongfully deny Plaintiff rightful possession of Plaintiff's property, and Plaintiff is harmed on an ongoing basis.

This court must not allow Defendant to abuse the system, delay justice, and cause further harm to Plaintiff. In order to minimize the harm caused by Defendant's delay tactics, Plaintiff is forced to bring this motion for remand *ex parte.*

//

//

//

### III. CONCLUSION

Plaintiff respectfully requests that the court grant Plaintiff's motion to remand the action to the superior court and award Plaintiff its just costs and expenses incurred in connection with Defendant's attempted removal of this action.

Dated:  January 09, 2020

**NUSSBAUM APC**

By: _____
**LANE NUSSBAUM**
**ATTORNEY FOR PLAINTIFF**

### Declaration of Lane Nussbaum in Support of Motion to Remand

I, Lane Nussbaum, do hereby declare:

1. I am an attorney licensed to practice law in the State of California and in the United States District Court Central District of California. I am the attorney of record for Plaintiff Strategic Acquisitions, Inc., in the case of *Magnum Property Investments, LLC v. Jose M. Quezada, et al.,* LASC No. 19STUD10714.

2. On January 09, 2020, I had a member of my staff call Defendants Jose M. Quezada, Daisy Quezada, Isabel Vargas, and Leslie Arellano at the phone number of record 909-536-9483, to inform them that we would be filing an Ex Parte Application for Remand in Case No. 2:20-cv-00084-GW-JPR.

3. My regular billing rate for my services is $300 per hour. It has taken me 1 hour to prepare the instant Ex Parte Motion for Remand. At that rate, I have billed my client Strategic Acquisitions, Inc. $630 to prepare and file the instant Ex Parte Motion for Remand.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on January 09, 2020.

_____
**LANE NUSSBAUM**

**Declaration of Shauna Wilcox**

I, Shauna Wilcox, do hereby declare:

1. I am an employee of ussbaum APC, the attorneys on record for Plaintiff Magnum Prroperty Investments, LLC, in the case of *agn m ropert n e tment o e e ada et a* LASC o. 19STUD10714.

2. On January 9, 2020 around 9:40 A.M., I called Defendants Jose ue ada, Daisy ue ada, Isabel argas, and Leslie Arellano at the phone number on record, 909-536-9483, no one answered the phone so I left a voice message. I informed them that Plaintiff would be filing an *ex parte app i ation for remand* in case 2:20-cv-00084-GW-JPR, LASC o. 19STUD10714. I also stated that if Defendants plan to oppose the motion they have 24 hours to file the opposition documents. I requested a call back at our office number, 818-660-1919, if they plan to oppose the motion.

3. On January 9, 2020 I also sent the e*x parte motion for remand* in and overnight Fedex to Defendants at their address, 731 Bonnie Beach Place Rear Unit Los Angeles, CA 90063.

I declare under penalty of per ury that the foregoing is true and correct.

xecuted on January 09, 2020.

Shauna Wilcox

**VERIFICATION TO FORM AND SPECIAL INTERROGATORIES**

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 27489 Agoura Road, Suite 102, Agoura Hills CA 91301.

On January 09, 2020, I served the foregoing document described as PLAINTIFF'S NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR REMAND; MEMORANDUM OF POITNS AND AUTHORITIES IN SUPPORT THEREOF, on each interested party listed as:

Jose M. Quezada, 731 Bonnie Beach Place Rear Unit Los Angeles, CA 90063
Daisy Quezada, 731 Bonnie Beach Place Rear Unit Los Angeles, CA 90063
Isabel Vargas, 731 Bonnie Beach Place Rear Unit Los Angeles, CA 90063
Leslie Arellano, 731 Bonnie Beach Place Rear Unit Los Angeles, CA 90063

,

,

____ (VIA MAIL) I deposited such envelope, with postage thereon fully prepaid, in the mail at Agoura Hills, California.

_x___ (OVERNIGHT EXPRESS) I deposited such envelope in the depository at Agoura Hills, California to ensure next day delivery.

____ (VIA PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices of the addressees.

____ (VIA FACSIMILE) I caused the within documents to be transmitted to telephonic facsimile to the addressees.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 09, 2020 at Agoura Hills, California.

_____
Shauna Wilcox

1
**PROOF OF SERVICE**